**FILED**

CEC 0 1 2025

JUDGE SARA L. ELLIS
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JAVON STINGLEY

No. 24-CR-55

Judge Sara L. Ellis

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ANDREW S. BOUTROS, and defendant JAVON STINGLEY, and his attorney, JONATHAN BEDI, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

## Charges in This Case

2. The indictment in this case charges defendant with conspiracy to commit carjacking, in violation of Title 18, United States Code, Section 371 (Count 1), and attempted carjacking, in violation of Title 18, United States Code, Section 2119 (Counts 4).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

**Charges to Which Defendant Is Pleading Guilty**

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count Four, which charges defendant with attempted carjacking, in violation of Title 18, United States Code, Section 2119. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

**Factual Basis**

6.     Defendant will plead guilty because he is in fact guilty of the charges contained in Count Four of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about February 19, 2023, at Chicago, in the Northern District of Illinois, Eastern Division, defendant and co-conspirators Joseph Smith and Michael Banks, with intent to cause death and serious bodily harm, attempted to take a motor vehicle, namely, a 2019 Dodge Challenger bearing Illinois plate INDYA-WS, that had been transported, shipped, and received in interstate commerce, from the person and presence of Victim B by force, violence, and intimidation, in violation of Title 18, United States Code, Section 2119.

More specifically, on February 19, 2023, at approximately 4:10 p.m., defendant, Joseph Smith, and Michael Banks drove to a gas station in Dolton, Illinois, in a

2

Lincoln Aviator. Defendant, Smith, and Banks all had loaded guns, and had agreed to commit an armed carjacking. Victim B, an off-duty Cook County Sheriff's Officer, was standing next to his parked 2019 Dodge Challenger bearing Illinois plate INDYA-WS. Victim B's wife and two children were in the Challenger. Victim B had his registered firearm, a Glock 19, in his waistband. Two of the carjackers approached Victim B and pointed loaded guns at him. While the carjackers pointed guns at Victim B's head, one of the carjackers who was not Stingley said words to the effect of "I'll shoot you, don't move," and removed Victim B's Glock 19 from his waistband. The same carjacker then said words to the effect of, "you know what it is." Victim B's wife and kids fled from the Challenger. The carjackers started to enter the Challenger, but then fled with defendant in the Aviator. The carjackers stole Victim B's cell phone, which was in the Challenger, as they fled.

Defendant was carrying a gun and intended to cause death or serious bodily harm to Victim B if he did not comply with the carjackers' instructions and allow them to take the Challenger. Defendant also knew that his Smith and Banks had guns and intended to cause death or serious bodily harm to Victim B if he did not comply with the carjackers' instructions and allow them to take the Challenger. Defendant further acknowledges that the Challenger was transported, shipped, or received in interstate and foreign commerce.

3

## Maximum Statutory Penalties

7.      Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a.      Count Four carries a maximum sentence of 15 years' imprisonment and a maximum fine of $250,000. Defendant further understands that with respect to Count Four the judge also may impose a term of supervised release of not more than three years.

b.      Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.      Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8.      Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the

4

defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 1, 2025 Guidelines Manual.

b. **Offense Level Calculations.**

i. The base offense level is 20, pursuant to Guideline § 2B3.1(a).

ii. Pursuant to Guideline § 2B3.1(b)(2)(B), the offense level is increased by 6 levels because a firearm was used to convey a specific threat of harm.

iii. Pursuant to Guideline § 2B3.1(b)(5), the offense level is increased by 2 levels because the offense involved carjacking.

iv. Pursuant to Guideline § 2B3.1(b)(6), the offense level is increased by 1 level because a firearm was taken.

5

v.  The total offense level is 29.

c.  **Acceptance of Responsibility**

i.  The government expects that defendant will truthfully admit the conduct comprising the offenses of conviction, and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. If defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

ii.  In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

d.  **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal 3 and defendant's criminal history category is II.

6

i.      On or about March 10, 2021, defendant was convicted of speeding in the Circuit Court of Cook County, Illinois and sentenced to court supervision. Pursuant to Guideline § 4A1.2(c)(2), defendant does not receive criminal history points for this sentence.

ii.     On November 4, 2019, defendant was convicted of a controlled substances violation in the District Court for Des Moines County, Iowa and sentenced to five years' probation. Pursuant to Guideline § 4A1.1(c), defendant receives 1 criminal history point for this sentence.

iii.    On March 2, 2017, defendant was convicted of aggravated unlawful use of weapon the Circuit Court of Cook County, Illinois and sentenced to one year imprisonment. Pursuant to Guideline § 4A1.1(b), defendant receives 2 criminal history points for this sentence.

e.      **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the government anticipates the offense level to be 26 which, when combined with the anticipated criminal history category of II, results in an anticipated advisory sentencing guidelines range of 70 to 87 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

f.      Defendant and his attorney and the government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely.

7

Defendant understands the above calculations are based on information now known to the government and that further review of the facts or applicable legal principles may lead the government to change its position on the guidelines calculations. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the defendant's, the probation officer's, or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of a change in the government's position on the guideline calculations or the Court's rejection of these calculations.

10.    Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the government prior to sentencing. The government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the government's position regarding the guidelines calculations. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

**Agreements Relating to Sentencing**

8

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant, together with any jointly liable co-defendants, to make full restitution to victims in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

14. Defendant agrees that Victims B is a "crime victim" under 18 U.S.C. § 3771, and is therefore afforded all enumerated rights under that section.

15. Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

16. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

17. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named recipients of restitution in the Judgment and Commitment Order, the defendant agrees to not oppose efforts by the government to obtain an order substituting as payee a representative of the victim's estate, another family member, or any other person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

18. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

### Forfeiture

19. Defendant understands that, by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense, any property used or intended to be used, in any manner or part, to

10

commit or facilitate commission of the offense, and any property involved in the offense.

20. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

21. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

22. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 24-CR-55.

23. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States

Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

24. Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him

12

unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

   iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

   v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses, and his attorney would be able to cross-examine them.

   vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

   vii.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b.     **Appellate rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial and may only appeal the validity of this plea of guilty and the sentenced imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

25.     Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Presentence Investigation Report/Post-Sentence Supervision

26.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

14

27. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

28. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

15

## Other Terms

29.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

30.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

31.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

32.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant,

16

any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

33. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

34. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

35. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 12/1/25.


ANDREW S. BOUTROS
United States Attorney

ELIE ZENNER
Assistant U.S. Attorney

JAVON STINGLEY
Defendant

JONATHAN BEDI
Attorney for Defendant

17